UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | |
|---|---|
| JAY E. BENCH,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>DAN GERSTENBLITT, M.D.,<br><br>　　　　Defendant. | Case No. 4:09-CV-006-E-EJL<br><br><br>**MEMORANDUM DECISION AND ORDER** |

　　　Before the Court is Defendant's Motion to Dismiss for Lack of Personal Jurisdiction, Improper Venue, and Failure to State a Claim Upon Which Relief Can be Granted. (Docket No. 3.) Because oral arguments are not necessary to resolve this matter, this motion is decided on the submitted pleadings and brief. Dist. Idaho Loc. Civ. R. 7.1(d)(2). This Order dismisses the case because due process prevents the exercise of personal jurisdiction, therefore, the merits of Defendant's other claims are not considered.

## I. BACKGROUND

　　　On August 4, 2008, Jay Bench, Plaintiff, appeared pro se and filed this Complaint in the Idaho district court in Bingham County. (Compl., Docket No. 1-2.) He alleges Dr. Dan Gerstenblitt, Defendant, made incorrect medical assessments and unfounded statements causing the insurance company to terminate his monthly benefits of $2,400. Bench's damages include the denial of benefits for 72 months and $17,000 in attorney fees, totaling $199,400. (Compl.)

**MEMORANDUM DECISION AND ORDER- p. 1**

On January 9, 2009, Gerstenblitt removed the action pursuant to 28 U.S.C. § 1441(a) claiming diversity.[1]  (Notice of Removal of Action to Federal Ct., Docket No. 1.)  Then, on January 15, 2009, he filed this motion to dismiss alleging lack of personal jurisdiction, improper venue, and failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(2), (3), and (6), respectively. (Docket No. 3.)

On January 16, 2009, the Court's clerk mailed to Bench the Notice to Pro Se Litigants of the Summary Judgement Rule Requirements.  (Docket No. 4.)  This notified Bench that the motion could be granted and some or all of his claims dismissed with no trial or evidentiary hearing.  Bench did not respond to Gerstenblitt's motion.

## II. STANDARD IN DISMISSING FOR LACK OF PERSONAL JURISDICTION

The Court's review of the motion to dismiss is undertaken with an eye on Ninth Circuit standards regarding pro se litigants.  *Tucker v. Carlson*, 925 F.2d 330 (9th Cir. 1991).  Nevertheless, pro se litigants are held to same procedural rules as counseled litigants.  *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).  A party's failure to respond to a motion may be interpreted by a court as consent to the unopposed motion.  Dist. Idaho Loc. Civ. R. 7.1(e); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995).  While the failure of Plaintiff to file a response alone supports the granting of the motion to dismiss, the Court also reaches the same result analyzing the motion as if Bench objected.

The plaintiff has the burden of pleading facts establishing the court's personal jurisdiction over the defendant.  *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*,

---

[1] This Court has subject matter jurisdiction based on diversity of citizenship.  28 U.S.C. § 1332.  Bench resides in Idaho. (Compl.)  Gerstenblitt resides in Florida.  (Notice of Removal of Action to Federal Ct. ¶ 2.)  The amount in controversy exceeds $75,000.  (Compl.)

**MEMORANDUM DECISION AND ORDER- p. 2**

328 F.3d 1122, 1128-1129 (9th Cir. 2003) (placing the burden on the plaintiff in an action removed from state court). If the plaintiff fails to meet this burden the action must be dismissed. *See Burnham v. Superior Ct. of Calif.*, 495 U.S. 604, 608-609 (1990). To satisfy this burden when there is not an evidentiary hearing "the plaintiff need only make a prima facie showing of jurisdiction to avoid the defendant's motion to dismiss." *Harris Rutsky*, 328 F.3d at 1129. This merely requires alleging facts that if true would establish jurisdiction. *Id*.

In a motion to dismiss, the facts are interpreted in favor of the plaintiff. Those facts that the plaintiff has alleged in the pleadings are considered to be true, and any conflict with the defendant's allegations of facts are to be resolved in favor of the plaintiff. *Id*. at 1128.

### III. DISCUSSION OF PERSONAL JURISDICTION

Federal courts look to the state they sit in to determine their personal jurisdiction reach. *Harris Rutsky*, 328 F.3d at 1129. When the defendant is not a resident,[2] he is brought within a state's jurisdiction by a long-arm statute. In Idaho, the plaintiff must show that (1) Idaho's long-arm statute covers the defendant's actions and (2) due process allows exercising that jurisdiction. *Blimka v. My Web Wholesaler, LLC*, 152 P.3d 594, 597 (Idaho 2007). Therefore, Bench must allege facts making a prima facie case for jurisdiction under both of these requirements to satisfy his burden. As shown below, Bench met his burden in step one but failed to meet his burden in step two; this Court lacks personal jurisdiction under due process and must dismiss the case.

---

[2] Bench did not allege Gerstenblitt resides in Idaho. (Compl.); (*See* Notice of Removal of Action to Federal Court ¶ 2) (Gerstenblitt alleges he is a resident of Florida). This Court will not assume the defendant is a resident of Idaho; that is the plaintiff's burden. Therefore, Bench must rely on another basis for jurisdiction, such as a long-arm statute.

**MEMORANDUM DECISION AND ORDER- p. 3**

**1. Idaho's Long-Arm Statute**

Idaho's long-arm statute, § 5-514, provides personal jurisdiction over defendants transacting business in Idaho or committing torts in Idaho.[3] The Idaho Supreme Court interprets this jurisdiction broadly. *Blimka*, 152 P.3d at 597. "This is remedial legislation designed to provide a forum for Idaho residents and should be liberally construed to effectuate that purpose." *Id*. Allegations of a tort injury occurring in Idaho from conduct elsewhere is sufficient to invoke the commission-of-a-tort clause in the long-arm statute. *Id*.

The Complaint alleges that the injury from Gerstenblitt's tort occurred in Idaho, which is sufficient to bring Gerstenblitt within the reach of the long-arm statute. Gerstenblitt made incorrect medical assessments and unfounded statements, (Compl. II.), which this Court interprets as allegations of torts, such as intentional or negligent misrepresentation. The injury occurred when Bench received the letter denying his benefits. (Compl. III.) Considering "[t]hat at all times herein, Plaintiff has been and is a resident of Bingham County, Idaho,"(Compl. I), the injury from the tort, therefore, must have occurred in Idaho.

**2. Due Process Clause**

Due process allows for both general and specific jurisdiction. General jurisdiction can be established by either domicile or substantial systematic activities in the forum. *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998). If general jurisdiction does not exist, specific jurisdiction is permissible over a defendant when: (1) the defendant purposefully directs activities at the forum; (2) the claim arises out of the forum-related activities; and (3) exercise of jurisdiction comports with fair play and substantial justice. *Harris Rutsky*, 328 F.3d at 1129. A

---

[3] The other statutory bases for jurisdiction do not have any connection to the facts here.

**MEMORANDUM DECISION AND ORDER- p. 4**

complaint must allege facts for jurisdiction under one of these doctrines to make out a prima facie case for personal jurisdiction and overcome a motion to dismiss.

Bench failed to meet his burden in showing how this Court's personal jurisdiction over Gerstenblitt would comply with due process. Based on the Complaint, this Court can only hypothesize about how Gerstenblitt or his actions relate to Idaho.  There are no allegations establishing general jurisdiction, such as Gerstenblitt's domicile or substantial systematic activities in Idaho.  Further, Bench failed to allege facts showing that Gerstenblitt purposefully directed his activities at Idaho.

### IV.  ORDER

Based on the above analysis, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss for Lack of Personal Jurisdiction, Improper Venue, and Failure to State a Claim Upon Which Relief Can be Granted (Docket No. 3) shall be GRANTED IN PART.  The claim for dismissal based on lack of personal jurisdiction shall be GRANTED.  The claims of improper venue and failure to state a claim upon which relief can be granted shall be DENIED as moot. The case shall be DISMISSED without prejudice.

DATED:  **April 6, 2009**

Honorable Edward J. Lodge
U. S. District Judge

**MEMORANDUM DECISION AND ORDER- p. 5**